## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ALI EL-KHALIL, D.P.M.,

           Plaintiff,

v.

ANTHONY TEDESCHI, MOHAMMED
KHALIL, NSIMA USEN, MAHMUD
ZAMLUT, LEONARD ELLISON and
THE DETROIT MEDICAL CENTER,
A Domestic Not for Profit Corporation,

           Defendants.

_____/

Case No.  2:18-cv-12759-MAG-APP

Hon. Mark A. Goldsmith
Mag. Judge Anthony P. Patti

## DEFENDANTS THE DETROIT MEDICAL CENTER AND DR. ANTHONY TEDESCHI'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND RELIANCE UPON JURY DEMAND

Defendants The Detroit Medical Center ("DMC") and Dr. Anthony Tedeschi, by and through their attorneys Bush Seyferth & Paige PLLC, answer Plaintiff's First Amended Complaint as follows.  For avoidance of doubt, DMC and Dr. Tedeschi generally deny all allegations except those specifically admitted.

## PARTIES AND JURISDICTION[1]

1.      DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2.      DMC and Dr. Tedeschi admit that Plaintiff is a podiatrist licensed to practice podiatry in the State of Michigan and that, from approximately May 2008 through approximately March 2018, DMC approved Plaintiff for certain clinical privileges in podiatry.  It is unclear what Plaintiff means by "full privileges" but DMC and Dr. Tedeschi deny as untrue that DMC has ever approved Plaintiff for all levels of clinical privileges in podiatry or for any clinical privileges outside the practice of podiatry.

3.      Admitted.

4.      DMC and Dr. Tedeschi admit that Dr. Mohammed Khalil is a podiatrist licensed to practice podiatry in the State of Michigan and that DMC has approved Dr. Khalil for certain clinical privileges.  DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4.

---

[1] For ease of reference, headings are reproduced as set forth in the First Amended Complaint.  By restating a heading, DMC and Dr. Tedeschi neither adopt nor admit any substance set forth therein, no response to which is required under Fed. R. Civ. P. 8(b) and 10.  To the extent any response may be deemed required, all headings are denied.

5.     DMC and Dr. Tedeschi admit that Dr. Nsima Usen is a podiatrist licensed to practice podiatry in the State of Michigan and that DMC has approved Dr. Usen for certain clinical privileges.  DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5.

6.     DMC and Dr. Tedeschi admit that Dr. Mahmud Zamlut is a physician licensed to practice medicine in the State of Michigan and that DMC has approved Dr. Zamlut for certain clinical privileges.  DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6.

7.     DMC and Dr. Tedeschi admit that Dr. Leonard Ellison is a physician licensed to practice medicine in the State of Michigan and that DMC has approved Dr. Ellison for certain clinical privileges.  DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7.

8.     Denied as untrue.  Answering further, DMC and Dr. Tedeschi state that The Detroit Medical Center is an assumed name for VHS of Michigan, Inc., which is a foreign profit corporation with operations in several communities, including but not limited to Detroit, Michigan.

9.      DMC and Dr. Tedeschi admit only that this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.  DMC and Dr. Tedeschi deny as untrue that subject-matter jurisdiction exists under 28 U.S.C. § 2601, which is a repealed statute bearing no relation to the claim asserted in this action.  DMC and Dr. Tedeschi deny as untrue that subject-matter jurisdiction exists under 29 U.S.C. § 794(a), which bears no relation to the claim asserted in this action.

10.      Admitted.

11.      DMC and Dr. Tedeschi admit only that Plaintiff purports to assert a personal claim for retaliation under 31 U.S.C. § 3730(h), which is contained within the False Claims Act, and that this Court has jurisdiction over that claim based on 31 U.S.C. § 3732(a) and 28 U.S.C. § 1331.  DMC and Dr. Tedeschi deny as untrue that this Court has jurisdiction under 31 U.S.C. § 3730(b) because Plaintiff has not pled a claim falling within the scope of that right of action and has not complied with the requirements for bringing such a claim. DMC and Dr. Tedeschi deny as untrue that this Court has jurisdiction under 28 U.S.C. § 1345, because Plaintiff is neither the United States nor an agency or officer thereof.

12.      DMC and Dr. Tedeschi admit, upon information and belief, that Plaintiff has made remarks to physicians and other personnel to the effect that he was "here to clean this place up" and "working with the FBI," but deny as untrue that such comments constitute "reporting" anything to DMC.  DMC and Dr.

4

Tedeschi further admit that, during his reappointment evaluation and before a determination was made, in a bad-faith effort to interfere with the evaluation, Plaintiff through counsel threatened retaliation claims based on supposed reporting of health care fraud; and that, during his reappointment evaluation, Plaintiff through counsel sent a letter, copying some DMC Administrators, by which he recounted alleged retaliation by Beaumont Dearborn based on alleged reports about physicians at that facility.  DMC and Dr. Tedeschi deny as untrue, having been unable to locate any record of same, that Plaintiff has actually reported to any supervisor or through the numerous other resources available at the DMC any instance of alleged health care fraud or alleged reporting to the government.  DMC and Dr. Tedeschi further deny as untrue that Plaintiff has reported alleged violations by "all the Defendants."  DMC and Dr. Tedeschi admit that Plaintiff's clinical privileges at DMC were not renewed in March 2018, but deny as untrue that the non-renewal occurred "shortly after" or was in retaliation for any alleged report.  DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to whether Plaintiff has had any malpractice suits or disciplinary actions lodged against him, but deny as untrue that Plaintiff's clinical privileges should have been renewed and deny any and all wrongdoing.

## INTRODUCTION

13.     DMC and Dr. Tedeschi admit only that, in approximately May 2008, DMC approved Plaintiff for certain clinical privileges in podiatry only, that all providers must renew their clinical privileges periodically, and that in some instances Plaintiff's clinical privileges were renewed in two-year increments. DMC and Dr. Tedeschi deny as untrue any remaining allegations of Paragraph 13.

14.     DMC and Dr. Tedeschi admit only that, from approximately May 2008 through approximately March 2018, DMC approved Plaintiff for certain clinical privileges in podiatry only.  DMC and Dr. Tedeschi deny as untrue that Plaintiff has never had any patient complaint about him.  DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14.

15.     DMC and Dr. Tedeschi admit that, from approximately May 2008 through approximately March 2018, DMC approved Plaintiff for certain clinical privileges in podiatry only.   DMC and Dr. Tedeschi further admit, upon information and belief, that Plaintiff has or had privileges at Henry Ford Wyandotte.  DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to whether Plaintiff has or had staff privileges at Garden City Hospital, which Plaintiff has not previously disclosed despite that disclosure and

verification of all clinical privileges a provider holds is a requirement for approval of clinical privileges at DMC.

16.     DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17.     DMC and Dr. Tedeschi admit only, upon information and belief, that Plaintiff previously had clinical privileges at Beaumont Dearborn; that Beaumont Dearborn did not renew those privileges after determining that Plaintiff was a disruptive physician; and that Plaintiff asserted claims of retaliation for alleged reports of health care fraud, which were summarily dismissed by the Circuit Court for Wayne County, Michigan and affirmed by the Michigan Court of Appeals. DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17.

18.     DMC and Dr. Tedeschi admit only that Plaintiff informed DMC of the non-renewal of his privileges at Beaumont Dearborn and of his opinion that he had been retaliated against for reporting alleged health care fraud.  DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18.

19.     DMC and Dr. Tedeschi admit only that on or about December 15, 2014, Plaintiff's clinical privileges at DMC were renewed until December 15, 2016; that Plaintiff disclosed the non-renewal of his privileges at Beaumont

Dearborn in the reappointment application he submitted on or about July 18, 2016; and that Plaintiff's clinical privileges at DMC were subsequently renewed. DMC and Dr. Tedeschi deny as untrue the remaining allegations of Paragraph 19.

20.     DMC and Dr. Tedeschi admit only that on or about December 15, 2014, Plaintiff's clinical privileges at DMC were renewed until December 15, 2016, and that on or about December 2, 2016, Plaintiff's clinical privileges at DMC were renewed until December 2, 2017. DMC and Dr. Tedeschi deny as untrue that they have perpetrated, or associated with perpetrators of, any health care fraud. DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to whether or when Plaintiff reported any alleged suspicions to federal authorities.

21.     Denied as untrue, except DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to alleged knowledge of or threats by other Defendants.

22.     DMC and Dr. Tedeschi admit only that DMC informed Plaintiff on or about March 19, 2018 that his clinical privileges at DMC would not be renewed. DMC and Dr. Tedeschi deny as untrue that Plaintiff's privileges were ever suspended or that any authorized representative of DMC said so. Further answering, during mid-January 2018, Plaintiff repeatedly accused DMC of retaliation while his application for reappointment was still under review and

8

before any decision on that application had been made, in a bad-faith effort to interfere with DMC's credentialing process.

23.    Denied as untrue.  Further answering, Plaintiff's privileges were not renewed because of his disruptive and unprofessional conduct, including but not limited to his persistent initiation and escalation of conflict with other physicians.

24.    DMC and Dr. Tedeschi admit only that Plaintiff purports to assert a claim for tortious interference, but deny as untrue that they tortiously interfered with any of Plaintiff's relationships.  DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 24.

25.    DMC and Dr. Tedeschi admit only that Plaintiff seeks monetary damages, and deny that he is entitled to any relief whatsoever.  DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to what relief Plaintiff may seek in the future, but deny that he will be entitled to any such relief.

## FACTUAL SPECIFIC ALLEGATIONS

26.    DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27.    DMC and Dr. Tedeschi deny as untrue that DMC perpetrated any health care fraud.  DMC and Dr. Tedeschi lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27.

28.     DMC and Dr. Tedeschi deny as untrue that DMC perpetrated any health care fraud.   DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28.

29.     DMC and Dr. Tedeschi deny as untrue that the "specific fraud as outlined" in paragraphs 30-55 was reported to Dr. Tedeschi or DMC administration.   DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29.

## HEALTH CARE FRAUD PERPETRATED BY DEFENDANTS KHALIL AND USEN

30.     DMC and Dr. Tedeschi admit that Dr. Mohammed Khalil and Dr. Nsima Usen are podiatrists licensed to practice podiatry in the State of Michigan.

31.     DMC and Dr. Tedeschi admit that Dr. Mohammed Khalil and Dr. Nsima Usen have had certain clinical privileges at DMC since 2008.   DMC and Dr. Tedeschi deny as untrue the remaining allegations of Paragraph 31.

32.     The allegations of Paragraph 32 involve events that, as alleged, would be protected from discovery, disclosure, or evidentiary use based on peer-review privilege under the Health Care Quality Improvement Act of 1986, 42 U.S.C. § 11101 *et seq.* and the Michigan Peer Review Immunity Statute, MCL 333.21515,

and, therefore, no response may properly be required.  To the extent a response may be deemed to be required, Paragraph 32 is denied on the basis of privilege.

33.     The allegations of Paragraph 33 involve events that, as alleged, would be protected from discovery, disclosure, or evidentiary use based on peer-review privilege under the Health Care Quality Improvement Act of 1986, 42 U.S.C. § 11101 *et seq.* and the Michigan Peer Review Immunity Statute, MCL 333.21515, and therefore no response may properly be required.  To the extent a response may be deemed to be required, Paragraph 32 is denied on the basis of privilege 33.

34.     The allegations of Paragraph 34 involve events that, as alleged, would be protected from discovery, disclosure, or evidentiary use based on peer-review privilege under the Health Care Quality Improvement Act of 1986, 42 U.S.C. § 11101 *et seq.* and the Michigan Peer Review Immunity Statute, MCL 333.21515, and therefore no response may properly be required.  To the extent a response may be deemed to be required, Paragraph 34 is denied on the basis of privilege.

35.     DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35.

36.     DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36.

37.     DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37.

38.    DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38.

39.    DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39.

40.    DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

41.    DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41.

42.    DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42.

43.    DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43.

44.    DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44.

45.    DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45.

46.    DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46.

47.     DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 47, 47(I)(a)-(l), and 47(II)(a)-(w) (inclusive of all subparts).

48.     DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48.

49.     DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49.

50.     DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50.

51.     DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51.

52.     DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52.

53.     DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53.

54.     DMC and Dr. Tedeschi admit only that Nichelle Lester is employed by DMC.  DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 54.

55.     DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55.

13

56.     DMC and Dr. Tedeschi admit only that, during his reappointment evaluation and before a determination was made, in a bad-faith effort to interfere with the evaluation, Plaintiff through counsel threatened retaliation claims based on supposed reporting of health care fraud. DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 56.

57.     DMC and Dr. Tedeschi admit only that, during his reappointment evaluation and before a determination was made, in a bad-faith effort to interfere with the evaluation, Plaintiff through counsel threatened retaliation claims based on supposed reporting of health care fraud. DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 57.

58.     DMC and Dr. Tedeschi admit only that Plaintiff submitted an application for reappointment on or about June 17, 2017. DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 58.

59.     DMC and Dr. Tedeschi admit only that Plaintiff had previously submitted an application for reappointment on or about July 18, 2016, and was notified by letter dated December 5, 2016 that his clinical privileges had been renewed through December 2, 2017. DMC and Dr. Tedeschi lack knowledge or

14

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 59.

60.     Denied as untrue.

61.     Denied as untrue.  Further answering, Plaintiff's clinical privileges at DMC were not revoked at any time, but rather expired as of December 2, 2017. On March 19, 2018, the DMC Medical Executive Committee voted not to renew those privileges and Plaintiff was notified of that decision on March 20, 2018.

62.     Denied as untrue.

63.     DMC and Dr. Tedeschi incorporate the prior paragraphs by reference.

## COUNT I – VIOLATION OF THE RETALIATION PROVISION OF THE FALSE CLAIMS ACT

64.     The allegations of Paragraph 64 constitute a legal conclusion to which no response is required.  To the extent a response is required, DMC and Dr. Tedeschi admit only that Plaintiff has quoted from 31 U.S.C. § 3730(h)(1) and deny as untrue that Plaintiff has stated a claim or is entitled to any relief whatsoever.

65.     The allegations of Paragraph 65 constitute a legal conclusion to which no response is required.  To the extent a response is required, DMC and Dr. Tedeschi admit only that Plaintiff has paraphrased from 31 U.S.C. § 3730(h)(2) and deny as untrue that Plaintiff has stated a claim or is entitled to any relief whatsoever.

15

66.     DMC and Dr. Tedeschi admit only that 31 U.S.C. § 3730(h) protects an employee who "is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee…in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter."  DMC and Dr. Tedeschi deny as untrue the remaining allegations of Paragraph 66.

67.     Denied as untrue.  Further answering, none of the referenced, alleged damages are compensable under 31 U.S.C. § 3730(h).

68.     Denied as untrue.  Further answering, Plaintiff has failed to allege any monetary damages compensable under 31 U.S.C. § 3730(h).

### COUNT II – VIOLATION OF THE RETALIATION PROVISION OF THE FALSE CLAIMS ACT (CONSPIRACY)

69.     The allegations of Paragraph 69 constitute a legal conclusion to which no response is required.  To the extent a response is required, DMC and Dr. Tedeschi admit only that Plaintiff has quoted from 31 U.S.C. § 3730(h)(1) and deny as untrue that Plaintiff has stated a claim or is entitled to any relief whatsoever.

70.     The allegations of Paragraph 70 constitute a legal conclusion to which no response is required.  To the extent a response is required, DMC and Dr. Tedeschi admit only that Plaintiff has paraphrased from 31 U.S.C. § 3730(h)(2)

and deny as untrue that Plaintiff has stated a claim or is entitled to any relief whatsoever.

71.     Denied as untrue.  Further answering, Plaintiff's privileges were not renewed because of his disruptive and unprofessional conduct, including but not limited to his persistent initiation and escalation of conflict with other physicians.

72.     Denied as untrue.

73.     Denied as untrue.  Further answering, Plaintiff has failed to allege any monetary damages compensable under 31 U.S.C. § 3730(h).

## COUNT III – TORTIOUSLY INTERFERING WITH AN ADVANTAGEOUS BUSINESS RELATIONSHIP

74.     DMC and Dr. Tedeschi lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74.

75.     Denied as untrue.

76.     Denied as untrue.[2]

---

[2] This Paragraph was erroneously numbered as a second Paragraph 74 in the First Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1.     Plaintiff's Complaint fails, in whole or in part, to state a claim against DMC and Dr. Tedeschi upon which relief may be granted

2.     Plaintiff's claim against DMC and Dr. Tedeschi is not ripe, because Plaintiff has not exhausted his administrative remedies with respect to the non-renewal of his clinical privileges.

3.     Plaintiff's claim against DMC and Dr. Tedeschi is barred, because Plaintiff acted unlawfully in obtaining the alleged facts on which he basis his suspicions of fraud.

4.     Plaintiff's claim against DMC and Dr. Tedeschi is barred, because Plaintiff did not report to any supervisor or through the numerous other resources available at the DMC any instance of alleged fraudulent conduct.

5.     Plaintiff's claim against DMC and Dr. Tedeschi is barred, because any reports Plaintiff may have made of alleged fraudulent conduct were made in bad faith rather than in a genuine effort to stop violations of the False Claims Act.

6.     Plaintiff's claim against DMC and Dr. Tedeschi fails, because his allegations of fraudulent conduct are not objectively reasonable.

7.     Plaintiff's claims against DMC and Dr. Tedeschi fail, because the non-renewal of Plaintiff's clinical privileges was based on legitimate, non-discriminatory, and non-retaliatory reasons.

8.      Plaintiff's claim against Dr. Tedeschi individually fails, because Dr. Tedeschi was not involved in the determination not to renew Plaintiff's privileges and merely reported the DMC Medical Executive Committee's decision as required by the DMC bylaws, and because 31 U.S.C. § 3730(h) does not give rise to individual liability.

9.      Plaintiff received no wages or salary based on having clinical privileges at DMC and, therefore, has no cognizable monetary damages under 31 U.S.C. § 3730(h)(2).

10.     Plaintiff's claim against DMC and Dr. Tedeschi is barred by qualified immunity under the Health Care Quality Improvement Act of 1986, 42 U.S.C. § 11101 *et seq.* and the Michigan Peer Review Immunity Statute, MCL 333.21515.

11.     One or more of Plaintiff's applications for reappointment at DMC was fraudulent and inaccurate in light of his failure to disclose his privileges as Garden City Hospital, rendering him ineligible for clinical privileges at DMC.

12.     Plaintiff's claim against DMC and Dr. Tedeschi is barred, in whole or in part, because DMC has established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the False Claims Act.

13.     Plaintiff's claim against DMC and Dr. Tedeschi is barred by the doctrines of estoppel and equitable estoppel.

14.    Plaintiff is barred from recovery by the doctrine of unclean hands.

15.    Plaintiff's claim against DMC and Dr. Tedeschi is frivolous, unreasonable, without foundation, or brought in bad faith, entitling them to statutory attorney's fees and costs under 42 U.S.C. § 11113.

16.    DMC and Dr. Tedeschi reserve the right to add additional defenses as facts are developed.

## **PRAYER**

WHEREFORE, having answered Plaintiff's Complaint and pled their defenses and affirmative defenses, DMC and Dr. Tedeschi pray:

1.  That Plaintiff take nothing by his Complaint;

2.  For judgment in DMC's and Dr. Tedeschi's favor and dismissal of all of Plaintiff's claims against DMC and Dr. Tedeschi;

3.  To recover their costs and attorneys' fees incurred in this action; and

4.  For such other and further relief as the Court may deem proper.

## **RELIANCE ON JURY DEMAND**

DMC and Dr. Tedeschi hereby rely upon the jury demand filed by Plaintiff with his Complaint.

**BUSH SEYFERTH & PAIGE PLLC**
Counsel for The Detroit Medical Center and
Dr. Anthony Tedeschi

By: /s/Roger P. Meyers
     Roger P. Meyers (P73255)
     Brittney D. Kohn (P80186)
     3001 W. Big Beaver Rd. Suite 600
     Troy, MI 48084
     (248) 822-7800
     meyers@bsplaw.com
Dated: January 8, 2019     kohn@bsplaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 8, 2019, I electronically filed the foregoing Answer with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By:  /s/ Roger P. Meyers
Roger P. Meyers (P73255)