UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI EL-KHALIL, DPM,

        Plaintiff,

v.

ANTHONY TEDESCHI, et al,

        Defendants.

Case No. 18-cv-12759

HON. MARK A. GOLDSMITH

_____/

## OPINION & ORDER
## GRANTING DEFENDANT MAHMUD ZAMLUT'S MOTION FOR SANCTIONS

This matter is before the Court on Defendant Dr. Mahmud Zamlut's motion for sanctions pursuant to Federal Rule of Civil Procedure 11 (Dkt. 55). The issues have been fully briefed.[1] For the reasons that follow, the Court grants Zamlut's motion.

### I. BACKGROUND

The background to the case as it concerns Zamlut has been adequately set forth in this Court's opinion and order granting in part and denying in part Defendants' motions to dismiss. See 5/31/19 Opinion & Order (Dkt. 64).

Dr. Ali El-Khalil brought three claims against the Defendants: retaliation in violation of the False Claims Act, 31 U.S.C. § 3729 et seq.; conspiracy to violate the retaliation provision of the False Claims Act; and tortious interference with an advantageous business relationship. The Court has dismissed the retaliation and conspiracy claims against Zamlut and two co-Defendants,

---

[1] Because oral argument will not aid the decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

1

Nsima Usen and Mohammed Khalil (Dkt. 64). Now, Zamlut seeks sanctions for El-Khalil's prosecution of the retaliation claim against him.

## II. ANALYSIS

By presenting El-Khalil's complaints and response (Dkt. 51) to Zamlut's motion to dismiss to the Court, El-Khalil's attorney certified that "the claims, defenses, and other legal contentions [were] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Zamlut argues that El-Khalil's claim that Zamlut could be held individually liable under the False Claims Act ("FCA"), 31 U.S.C. § 3730(h)(1), was sufficiently unwarranted as to justify sanctions.

This Court has already ruled that El-Khalil's argument—that Zamlut could be held individually liable because he took concrete actions to encourage the Detroit Medical Center to deprive El-Khalil of his hospital privileges—was without merit. See 5/31/2019 Opinion & Order at 3-6. An argument can be unsuccessful without being sanctionable. However, in this case, El-Khalil's argument was warranted neither by existing law nor by a nonfrivolous argument, as Rule 11 requires.

As far as existing law, El-Khalil has not identified a case that directly supports the proposition that the FCA's anti-retaliation provision operates outside "employment-like" relationships—relationships where the alleged victim of the retaliation was the employee, contractor, or agent of the perpetrator. See Vander Boegh v. EnergySolutions, Inc., 772 F.3d 1056, 1062-1064 (6th Cir. 2014). Nor did he allege facts supporting the claim that El-Khalil had an "employment-like" relationship with Zamlut, when the two were merely colleagues at Detroit Medical Center. 5/31/2019 Opinion & Order at 4-6.

As far as arguing for an extension, modification, or reversal of existing law, or for establishing new law, El-Khalil points to a 2009 amendment to the FCA. See Resp. to Mot. to Dismiss at 5; see also 5/31/2019 Opinion & Order at 4-5. But merely stating that "2009 amendments to the FCA which removed the terms 'employer' from the statute further complicated the issue" does not establish that the issue became "complicated." El-Khalil made no effort to explain why "the majority of courts" are wrong in their interpretation of the 2009 amendments, nor did he identify any court interpreting the 2009 amendments in a way that supports his claim. Resp. to Mot. to Dismiss at 5. Instead, he cited two out-of-circuit cases that pre-dated the 2009 amendments. Id. (discussing Mruz v. Caring, Inc., 991 F. Supp. 701, 708-709 (D.N.J. 1998), and Palladino ex. Rel. U.S. v. VNA of S. New Jersey, Inc., 68 F. Supp. 2d 455 (D.N.J. 1999)). The Sixth Circuit has cited these exact cases for the proposition that prior to the 2009 amendments, the term 'employee' in the FCA did not extend to persons outside the employer-employee relationship. Vander Boegh, 772 F.3d at 1062. These cases provide no support for the claim that the 2009 amendments expanded liability to individuals who had the sort of relationship Zamlut had with El-Khalil.

Furthermore, El-Khalil did not engage with Vander Boegh's extensive discussion of the purpose, history, and text of the 2009 amendments—an interpretation that is consistent with the Fifth Circuit's interpretation of the 2009 amendments in Howell v. Town of Ball, 827 F.3d 515, 529-530 (5th Cir. 2016). In his motion to dismiss, Zamlut cited Howell for the proposition that the 2009 amendment to the FCA did not newly permit liability against individual, non-employer defendants. See Mot. to Dismiss at 4-5 (Dkt. 64). El-Khalil's response to the motion to dismiss lacks any argument that Howell was incorrect, or that Howell and Vander Boegh's common

understanding of the 2009 amendments would not lead the Sixth Circuit to the same conclusion reached in Howell if presented with the same facts.

Zamlut identified a gap in Sixth Circuit law where no court had definitively ruled. But he did not make an argument for why his interpretation of the law should fill that gap, why numerous other circuits were wrong, or why the obvious implications of Vander Boegh should be ignored. Thus, his conclusory assertion that his claim against Zamlut was valid was frivolous.

Accordingly, sanctions are awarded to Zamlut. El-Khalil is ordered to pay Zamlut reasonable costs and fees for defending the frivolous FCA claims, as well as the costs and fees incurred by Zamlut in the Rule 11 proceedings. Zamlut shall file a memorandum and affidavit substantiating a request for such costs and fees on or before April 3, 2020; El-Khalil may respond no later than April 17, 2020. The filings of each side may not exceed ten pages (exclusive of attachments).

SO ORDERED

Dated: March 20, 2020         s/Mark A. Goldsmith
       Detroit, Michigan     MARK A. GOLDSMITH
                             United States District Judge